# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1806002279 |
| | ) | |
| DAHMIERE S. MOODY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  February 25, 2020
Date Decided:  April 15, 2020

## ORDER

Upon consideration of Defendant's Motion for Presentence Investigation Report;[1] Superior Court Criminal Rule 32; the facts, arguments, and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1.   On June 21, 2019, Defendant was sentenced as follows:  for Assault Second Degree, 8 years Level V, suspended after 3 years, for 9 months Level IV, followed by 2 years at Level III; for Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), 2 years Level V; [2] and for Assault Third Degree, 1 year Level V, suspended for 1 year at Level III.[3]

2.   In the instant Motion, Defendant asks the Court to grant him access to the

---

[1] D.I. 29.
[2] Defendant's sentence for PDWDCF is a 2-year minimum mandatory term pursuant to 11 *Del. C.* §1447.
[3] D.I. 23.

Presentence Investigation Report (the "PSI Report"), arguing that his counsel never gave him the opportunity to review it before sentencing.[4] Defendant states that he anticipates filing a Criminal Rule 61 motion claiming ineffective assistance of counsel, and he "would like to rebut information that [defense] counsel allowed to be fact" in the PSI Report.[5]

3. Pursuant to Superior Court Criminal Rule 32(c), the Court "shall allow the defendant's counsel . . . to read the report of the presentence investigation" and "shall afford the parties an opportunity to comment on the report and . . . to present information relating to any factual inaccuracy . . . ."

4. At Defendant's sentencing hearing, defense counsel made multiple references to the PSI Report, and based on her comments it is clear to the Court that she reviewed the PSI Report. Before the hearing and during the hearing, defense counsel had the opportunity to present information relating to any factual inaccuracies.

5. Even if that was not the case, *Eaddy v. State* bars Defendant's access to the PSI Report.[6] In *Eaddy,* the Supreme Court held that failure to raise the right to review the PSI Report prior to sentencing constitutes a waiver of that right unless

---

[4] D.I. 29.
[5] *Id.*
[6] 679 A.2d 469 (Del. 1996).

2

plain error can be established.[7]  Defendant fails to allege any issues of plain error or prejudice resulting from that missed opportunity that warrants an exception to Defendant's waiver of the right of review.[8]

6.      Last, Defendant's argument that he needs access to the PSI Report to support his Rule 61 motion is not persuasive.  Defendant has not filed a Rule 61 motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Presentence Investigation Report is **DENIED.**

**IT IS SO ORDERED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Dahmiere S. Moody (SBI# 00713360)
        Anne E. Currier, Esq.

---

[7] *Id.*
[8] *See id.*; *see also Bruton v. State*, 2006 WL 258303, at *1 (Del. Super. Ct. Jan. 26, 2006).

3